**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

HISTORIC BASKET, LLC,

              Plaintiff,        :      Case No. 2:19-CV-5662

   - vs -                         Judge Sarah D. Morrison
                                 Magistrate Judge Chelsey M. Vascura

NATIONAL FIRE & MARINE INSURANCE
COMPANY,
                                        :

              Defendant.

## **OPINION AND ORDER**

This matter is before the Court on Defendant National Fire & Marine Insurance Company's Motion to Dismiss (ECF No. 3) and Plaintiff Historic Basket, LLC's Motion to Remand to State Court (ECF No. 6). Both motions have been fully briefed.

**I.     BACKGROUND**

Historic Basket, LLC ("HB") filed this action against National Fire & Marine Insurance Company ("NFMIC") in Licking County Common Pleas Court on December 2, 2019. NFMIC timely removed the action on December 31, 2019. NFMIC asserts, and HB agrees, that there is complete diversity between the parties.

According to the Complaint, HB owns a building located at 1500 East Main Street, Newark, Ohio. The building is insured with NFMIC. NFMIC recently denied an insurance claim filed by HB after pipes froze in the building causing water damage. HB filed suit for a declaratory judgment to resolve the coverage dispute between the parties. While HB's Complaint asks for a declaration as to, *inter alia*, whether NFMIC breached its contractual duties, it does not assert a claim for breach of contract, and it does not seek damages.

## II.     ANALYSIS

Turning first to the Motion to Remand, HB implicitly acknowledges that the Court has subject matter jurisdiction over its claim for declaratory relief but asks that the Court exercise its discretion to refuse to hear the action. In response, NFMIC argues that the factors weigh in favor of this Court deciding the case on the merits.

The Declaratory Judgment Act, 28 U.S.C. § 2201, "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995). In other words, the Act "confers discretion on courts, not rights on litigants" to have a case heard in federal court. *Am. Home Assurance Co. v. Evans,* 791 F.2d 61, 64 (6th Cir. 1986) (citing *Green v. Mansour,* 474 U.S. 64, (1985)). Thus, even when a Court has subject matter jurisdiction over a declaratory judgment action, it is "under no compulsion" to entertain the action. *Wilton,* 515 U.S. at 278. To illustrate, "considerations of practicality and wise judicial administration" could lead a court to, within its sound discretion, decline to entertain a declaratory judgment action. *Id*. 288.This principle applies not only to actions brought under the federal Declaratory Judgment Act but also to state declaratory judgment actions removed to federal court. *See Golden Eagle Ins. Co. v. Travelers Cos*., 103 F.3d 750, 755 (9th Cir. 1996), overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1224 (9th Cir. 1998); *Leasing One Corp. v. Fid. & Deposit Co. of Maryland*, No. CIV.A. 3:11-35-DCR, 2011 WL 3794367, at *2 (E.D. Ky. Aug. 25, 2011).

The Sixth Circuit articulated five factors in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.,* 746 F.2d 323 (6th Cir. 1984), to guide a district court in determining whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or to 'provide an arena for a race for res judicata';

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Id.* 326. However, this list of factors is not exhaustive. "[T]he Court must make a full inquiry into all relevant considerations." *Brotherhood. Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 692 (E.D. Ky. 2002).

The first two factors in the analysis are closely related, and courts often consider them together. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008). Here, it does not appear that a judgment will settle the entire controversy nor does it appear that a declaration in this action would serve a useful purpose in clarifying the legal relations in issue. "The 'useful purpose' served by the declaratory judgment action is the clarification of legal duties for the future, rather than the past harm a coercive tort action is aimed at redressing." *AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004). If the Court were to declare that NFMIC has breached the insurance contract with HB, there would remain an issue of damages. This is not a situation in which a declaratory plaintiff will suffer injury unless legal relations are clarified; if NFMIC is in breach of contract, any injury to HB has already occurred. The first two factors weigh against exercising jurisdiction over this dispute.

Looking at the third factor, there is no reason to believe that HB filed its Complaint for merely "procedural fencing" or to "provide an arena for a race for res judicata." This factor weighs in favor of exercising jurisdiction.

As to the fourth factor, whether the action would cause friction between state and federal

courts, the Sixth Circuit has provided three additional sub-factors to consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.,* 373 F.3d 807, 814–15 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Flowers,* 211 F.3d 964, 968 (6th Cir. 2000)).

Considering the sub-factors, the underlying factual issues are important to a determination of this dispute. Second, the state trial court is in a better position resolve these issues. "[T]he issue of insurance contract interpretation" is a "question[ ] of state law with which the . . . state courts are more familiar and, therefore, better able to resolve." *Bituminous,* 373 F.3d at 815. Because this case centers solely on insurance contract interpretation, the state court is in a superior position to resolve the dispute. Likewise, an Ohio court is in a "better position to evaluate the factual issues because they [rest] solely on state law with which the state courts are better acquainted." *Id.* 816. While the parties dispute whether this controversy requires a ruling on previously undetermined questions of state law, there can be no dispute that these issues and questions are intricately related to state law and public policy. "'States regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.'" *Id.* 815 (quoting *Allstate Ins. Co. v. Mercier,* 913 F.2d 273, 279 (6th Cir. 1990)). This case was removed pursuant to diversity jurisdiction and it does not implicate federal statutory law. Thus, while the state interests in this dispute are strong, it bears no relation to federal common or statutory law. In summary, all three of the *Scottsdale* sub-factors weigh

4

against exercising jurisdiction over this dispute.

The fifth and final factor also weighs against the exercise of jurisdiction. This case was originally filed in state court and Ohio provides a procedure for adjudicating the rights of the parties. "Given that the issues presented involve questions of state law only, the state court is also in a superior position to resolve the case." *Bitmunious,* 373 F.3d at 816. Courts "question the need for . . . declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner." *Am. Home. Assurance Co.,* 791 F.2d at 63. This case is brought under Ohio law and it should be resolved by an Ohio court.

Moreover, a breach of contract remedy is an alternative remedy that is both better and more effective than a declaratory judgment for providing HB with full and complete relief.

Here, only the third factor weighs in favor of exercising jurisdiction. Accordingly, it would be improper to exercise jurisdiction over this removed declaratory judgment action. The Court will abstain and remand the case to the Licking County Court of Common Pleas for adjudication of the issues presented, including NFMIC's Motion to Dismiss (ECF No. 3).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand (ECF No.6) is **GRANTED**. This matter is hereby **REMANDED** to the Court of Common Pleas, Licking County, Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**